IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WALGREENS HEALTH INITIATIVES, INC.

Plaintiffs

v.

OPTION HEALTH GROUP, INC. et al.

Defendants

**Civil No.** 10-1050

**OPINION & ORDER**

Plaintiff, Walgreens Health Initiatives, Inc. ("WHI"), has filed a Motion for Ex-Parte Attachment to Secure Judgment against co-defendants, Option Health Group, Inc. and Option Health Care Network, Inc. (collectively "Option" or "Defendants"). Docket # 3. It appearing from the motion, the complaint and from the authentic documents filed, that Plaintiff has probability of success on the merits and that the debt is liquid, due and payable, said motion will be **GRANTED**, subject to the posting of a bond with the Clerk of the Court.

**Factual and Procedural Background**

In June, 2005, the parties allegedly entered into a contractual agreement where WHI would provide prescription benefit management services to Option. Docket # 1 at 4. WHI alleges that after November 2007, Option consistently failed to make timely payments for said services. Id. WHI first formally demanded back payments from Option on January 15, 2009. Docket # 1, Exhibit 3. Said letter requested payment of over $600,000.00. In response, Option wrote a letter back on March 5, 2009, appearing to acknowledge said debt,[1] and agreeing to a payment plan composed of twice monthly installments of $50,000. Docket 1, Exh. 4. However, these payments were short lived, and Option allegedly discontinued the plan, leaving a significant portion of the original debt unsatisfied.

---

[1] This matter of fact may only be finally determined through a properly presented motion for summary judgment, or at trial.

Accordingly, WHI brought the present action for breach of contract. WHI alleges, and provides a Declaration Under Penalty of Perjury by Christian A. Beinlich ("Beinlich"), Senior Group Manager, Accounts Receivable & Billing for Walgreens, that Option owes the former an outstanding amount of $427,923.61 as of January 25, 2010, plus subsequently accrued interest. Docket # 3-2. WHI alleges that the debt arises from a written agreement with Option Group. Docket # 1, Exh. 1. To sustain this assertion they proffer documentary evidence in the form of an unsworn declaration under penalty of perjury that the debt is for a liquid, certain and determined amount. Docket # 3, Exh. 1.

**Applicable Law & Analysis**

FED. R. CIV. P. 64 allows for federal district courts to use, "every remedy that is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgement." These include procedures for the arrest, attachment, and garnishment of a defendant's property. Id. In general, obtaining pre-judgment attachment requires both prior notice, a hearing, and the posting of a bond in order to comply with due process. P.R. Laws Ann., tit. 32, P.R. Civ. P. 56.2 & 56.3; see Connecticut v. Doehr, 501 U.S. 1, 11-12 (1991). However, in Puerto Rico, the local rules of civil procedure do allow for a provisional remedy attaching, or otherwise encumbering, property to secure a future judgment without a prior hearing in very limited circumstances. Id., R. 56.4 & 56.5; see also Rivera Rodriguez & Co. v. Lee Stowell, etc., 133 D.P.R. 881, 896 (1993).

A pre-attachment hearing is required unless the moving party can show one of the following circumstances: "(1) a prior property interest on the assets that were attached; (2) the existence of extraordinary circumstances; or (3) a probability of prevailing on the merits through the use of authentic documentary evidence showing that there is a debt liquid, due, and payable." Citibank, N.A. v. Allied Management Group, Inc., 466 F.Supp. 2d 403, 406 (D.P.R. 2006);

**CIVIL NO. 10-1050 (SEC)**                                                                                          **Page 3**

Stowell, 133 D.P.R. at 899-900; see also Maricarmen Ramos de Szendrey v. Luis Felipe Colon Figueroa, 153 D.P.R. 534, 542 (2001). In the case at bar, WHI has not met either of the first two exceptions, nor has it attempted to do so in its pleadings. Accordingly, this Court must evaluate if the third situation applies to the present facts as averred by WHI.

Stowell's third exception to the general rule that an attachment order may not be issued without a prior hearing, occurs when a party can show through viable documentary evidence that the debt is liquid, due, and payable. Ramos de Szendrey, 153 D.P.R. at 546. Beinlich's statement under penalty of perjury appears to satisfy the requirement for authentic documentary evidence under Stowell. Citibank, N.A., 466 F.Supp.2d at 408. Beinlich has authenticated the invoice, which substantiates a liquid amount owned to WHI by stating,

> I personally made the computation of the amount of money claimed in the Verified Complaint as owed by [Option] to WHI as of January 25, 2010, under the Prescription Service Agreement between WHI and [Option], which is $427,923.61.

Docket # 3, Exh. 1. This includes invoice amounts of $357,551.65, and interest of $70,481.96. Id. at Exh. 2. Furthermore, the verified complaint includes two different communications where Option appears to recognize its breach of contract, and the amounts owed, suggesting WHI stands a strong chance of eventually prevailing on the merits. Accordingly, this Court finds that WHI has made a sufficient showing that the debt is liquid, due, and payable, so it may issue an ex-parte order for the attachment of Option Group's assets prior to a hearing.

Finally, while WHI has shown sufficient cause for the issuance of an ex-parte attached order under P.R. R. Civ. P. 56.4, they concede that the facts at issue warrant the imposition of a bond under P.R. R. Civ. P. 56.3, and recommend a bond equaling 5% of the total value of the claim. This Court finds the bond amount proposed by Plaintiffs to be insufficient in light of the fact that the remedy requested will "significantly affect" Defendants' business and property rights. Stowell, 133 D.P.R. at 898. In accordance with said reality, and taking into consideration

**CIVIL NO. 10-1050 (SEC)**                                                                                   **Page 4**

that no evidence of extraordinary circumstances has been submitted, a bond equaling 25% of the amount demanded is hereby required. This is similar to other bonds required by this district. See, e.g., Citibank, N.A., 466 F.Supp. 2d 403. Therefore, WHI's Motion for Ex-Parte Order of Attachment to Secure Judgment (Docket # 3), is hereby **GRANTED**. The Attachment Order will be issued upon the posting of a bond of $106,980.00 with the Clerk of the Court. Furthermore, a post-attachment hearing will be set upon request by Option. Once the Attachment Order is issued, WHI shall immediately notify Option of said Order and this Opinion.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of February, 2010.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge